# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE REED III, | CASE NO. 1:05-CV-00920-REC-LJO-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| SGT. J. MAYFIELD, et al., | (Doc. 1) |
| Defendants. | |

I.  Findings and Recommendations Following Screening of Complaint

    A.  Screening Requirement

Plaintiff George Reed III ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 18, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
2  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
3  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467
4  U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt
5  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this
6  standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg.
7  Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most
8  favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395
9  U.S. 411, 421 (1969).

10      B.    Summary of Plaintiff's Complaint

11  The events at issue in the instant action allegedly occurred at the California Substance Abuse
12  Treatment Facility and State Prison-Corcoran, where plaintiff was incarcerated at the time.  Plaintiff
13  names Sergeants J. Mayfield and Pepper, and Correctional Officers Wimer, McGourth, and Caroline
14  as defendants.  Plaintiff is seeking money damages.

15      C.    Plaintiff's Due Process Claim

16  The basis of plaintiff's claim is the theft of his personal property.  Plaintiff alleges that
17  defendant Wimer improperly stored plaintiff's property in an unsecured staff restroom, where it was
18  stolen.

19  The Due Process Clause protects prisoners from being deprived of property without due
20  process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected
21  interest in their personal property.  Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  However, the
22  provision for certain procedural protections under state law does not work to enlarge plaintiff's rights
23  under federal law.  See Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997).  Thus,
24  plaintiff's allegations concerning defendants' failure to follow the proper policies and procedures
25  concerning his personal property do not support a claim for relief under section 1983.  Further,
26  plaintiff has state law remedies available to him with respect to the property deprivation, and as a
27  result, his claim does not constitute a violation of the procedural requirement of the Due Process
28  ///

Clause of the Fourteenth Amendment. Hudson v. Palmer, 468 U.S. 517, 530-34 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

### D. Conclusion

The court finds that plaintiff's complaint does not contain a claim upon which relief may be granted under section 1983. Based on the deficiencies of plaintiff's claims, the court finds that justice does not require that leave to amend be granted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The court therefore HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 30, 2006**          /s/ Lawrence J. O'Neill
b9ed48                                            UNITED STATES MAGISTRATE JUDGE