UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE REED III,<br><br>           Plaintiff,<br><br>   v.<br><br>SGT. J. MAYFIELD, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:05-CV-00920-REC-LJO-P<br><br>ORDER DIRECTING CLERK'S OFFICE TO CHANGE PLAINTIFF'S ADDRESS OF RECORD (Doc. 15)<br><br>ORDER GRANTING MOTION FOR RECONSIDERATION AND CONSIDERING OBJECTION, BUT DECLINING TO SET ASIDE ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. 15) |

      Plaintiff George Reed III ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 31, 2006, the Magistrate Judge issued a Findings and Recommendations recommending dismissal of this action, with prejudice, for failure to state a claim upon which relief may be granted. (Doc. 12.) Any objection to the Findings and Recommendations was due within thirty days. (Id.) On May 11, 2006, the undersigned adopted the Findings and Recommendations in full and dismissed this action. (Doc. 13.) On May 10, 2006, the Court received and filed plaintiff's objection, but the objection was not made part of the Court's record until May 11, 2006.

      Plaintiff's objection was not timely. However, plaintiff contends that he sent the Court a change of address which was not effected, and he did not receive the Findings and Recommendations until May 3, 2006, when it was forwarded to him by the prison in which he was previously housed. There is no record the Court received a notice of change of address from plaintiff. In the interest of

1 justice, the Court will direct the Clerk's Office to change plaintiff's address of record and will
2 construe the late objection as a motion for reconsideration pursuant to Federal Rule of Civil
3 Procedure 60(b), which provides for relief from judgment or order.

4 In his objection, plaintiff sets forth no grounds supporting non-adoption of the Findings and
5 Recommendations. Plaintiff's section 1983 claim is one for deprivation of his personal property
6 without due process of law. Plaintiff contends in his objection that defendants intentionally left his
7 property in a restroom so that it would be stolen, and that his inmate appeal was granted due to
8 employee negligence.

9 The Magistrate Judge's finding and recommendations was correct. Defendants' conduct was
10 unauthorized and therefore does not give rise to a claim for relief for violation of the Due Process
11 Clause. Hudson v. Palmer, 468 U.S. 517, 530-34 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17
12 (9th Cir. 1994). As the Magistrate Judge explained in the Findings and Recommendations, although
13 defendants may have violated the prison procedures, that violation does not give rise to a claim for
14 relief under section 1983 unless the violation also implicates plaintiff's rights under federal law. See
15 Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997). In this instance, the events that
16 occurred concerning plaintiff's personal property did not rise to the level of a constitutional
17 violation. Therefore, dismissal of this action, with prejudice, is appropriate.

18 Accordingly, it is HEREBY ORDERED that plaintiff's motion for reconsideration is
19 GRANTED and plaintiff's objection to the Findings and Recommendations has been considered by
20 the Court. However, the order adopting the Findings and Recommendations and dismissing this
21 action shall not be set aside.

22 In addition, pursuant to plaintiff's objection, the Clerk's Office is HEREBY DIRECTED to
23 change plaintiff's address of record to Salinas Valley State Prison.

24 IT IS SO ORDERED.

25 Dated: **May 12, 2006**              /s/ Robert E. Coyle
   668554                                UNITED STATES DISTRICT JUDGE
26
27
28